**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**LINDA KEE**                                                                                                          **PLAINTIFF**

**v.**                                                   **4:09-cv-00477-WRW**

**ETHICON, INC.,** *et al.*                                                                                   **DEFENDANTS**

**PROTECTIVE ORDER**

      **WHEREAS** the Arkansas Rules of Civil Procedure and the Federal Rules of Civil Procedure authorize the entry of an Order to limit disclosure of certain confidential information; and

      **WHEREAS** the parties anticipate that discovery will include documents and information that are sensitive, confidential and proprietary in nature, and that contain confidential, proprietary and trade secrets essential to the continued business and privacy interests of the parties, and of certain nonparties whose information may appear on documents to be produced in discovery, the improper disclosure of which would cause substantial damage to the legitimate business interests and/or privacy interests of one or more parties and nonparties; and

      **WHEREAS** the parties, through their counsel, have stipulated and agreed to give effect to this Stipulation and Order of Confidentiality ("Protective Order") as set forth below to protect the documents and information from use in any manner inconsistent with this Protective Order, and that any interpretation of the Protective Order to the contrary is rejected by these parties;

      **WHEREAS,** this Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as confidential by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made;

**WHEREAS,** the Court finds that there is good cause for the entry of this Order;

**IT IS ON THIS 15th day of October, 2010, AGREED, STIPULATED, AND ORDERED THAT:**

1. This Protective Order applies to all documents and other products of discovery, all information derived therefrom and including, but not limited to, all copies, excerpts or summaries thereof, obtained by the Plaintiffs or Defendants pursuant to the requirements of any court order, any requirements of self-executing discovery, discovery requests or requests for admissions; documents subpoenaed, affidavits, certifications, memoranda, briefs, and transcripts of depositions and hearings (hereinafter "Discovery Material").

2. The term "Confidential Discovery Material" as used in this Protective Order means all information produced by any party in the course of discovery or other proceedings in this case when such material contains confidential, proprietary, trade secret and/or sensitive commercial information, as designated in good faith by the party producing the material in accordance with the terms of this Protective Order (the "Producing Party") as being entitled to protection under the applicable case law, or as ordered by Court.  "Confidential Discovery Information" includes:

    a) Proprietary information, including technical information constituting trade secrets, confidential know-how and similar information, and licensing, distribution and marketing documents that contain confidential information, design, development, research, manufacturing and production information regarding products and medicines, whether previously or currently marketed or under development or other sensitive research and development information; corporate information, including product design and development; intra-company and inter-company communications between any defendant and its affiliate companies, that are proprietary and confidential;

    b) Sensitive financial information or sensitive business information that is confidential and proprietary and is not publicly filed with any federal or state regulatory authority;

    c)    Customer lists;

    d)    Personal information of a sensitive nature including medical records and sensitive financial information or personnel records;

    e)    Clinical studies that are not publicly available;

    f)    Sensitive financial or business information, that is not publicly available, concerning competitors;

    g)    Information provided to any governmental or regulatory agency which is exempt from public disclosure pursuant to statute, regulation or is submitted to the agency on a confidential basis.

    h)    By consent of the parties or by Order of the Court upon the motion of a party, additional categories of documents that may be designated as "Confidential Discovery Information" may be added to (a) through (g) above.

3.    The following may not be designated as "Confidential Discovery Material":

    a)    Documents of public record;

    b)    Documents filed as a public record with the clerk of any federal or state court (not including exhibits or depositions or discovery responses which, if filed, must be filed under seal and with clear marking on the envelopes in which they are enclosed that they are subject to this Protective Order or a Protective Order entered in another case;

    c)    Documents filed with any federal or state agency, copies which are required by that agency to be freely available in their entirety to the public;

    d)    Documents or articles published in trade magazines or other general circulation publications;

    e)    Documents already placed in public or available to third parties on a non-confidential basis; or

    f)    Documents previously provided to any individual or entity on a non-confidential basis.

4.    a.    The Producing Party shall designate Confidential Discovery Materials by

marking them on the face of the document or of the document's first page, or, in the event that Confidential Discovery Materials are produced electronically, on the disc or CD, or by such other means so that the designation is visible to the party receiving the document:

**CONFIDENTIAL – SUBJECT TO STIPULATION AND ORDER OF CONFIDENTIALITY**

Such stamping or marking shall take place prior to the production by the Producing Party, or subsequent to the selection by the receiving party for copying but prior to the actual copying if done expeditiously. The stamp shall be affixed in such a manner as not to obliterate or obscure any written matter. The stamp need not be affixed to every page of a multi-page document. If a document has already been marked as "confidential", it need not be re-marked with the language set forth above.

b. In the event that the Producing Party inadvertently fails to designate Discovery Material as confidential in this case or any other litigation, it may make such designation subsequently by notifying all parties to whom such Discovery Material was produced, in writing as soon as practicable. After receipt of such notification, the parties to whom production has been made will treat the Discovery Material as having been designated as Confidential Discovery Material, subject to their right to challenge such designation in accordance with Paragraph 12 hereof.

5. Prior to producing documents that contain the names of patients other than Plaintiffs and/or the physicians of such patients or consumers, the Producing Party may redact or delete the names, addresses, telephone numbers, social security numbers, and other information that would identify patients, research subjects and physicians or others constituting voluntary reporters or any other person associated with an adverse event, and any other information required to be withheld from disclosure by 21 C.F.R. § 20.63, the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191 ("HIPAA") and related regulations, applicable federal and state privacy

4

laws, and other applicable laws and regulations. Alternatively, the Producing Party may allow inspection of such documents but redact or delete the names of patients or physicians prior to allowing counsel for other parties to photocopy or otherwise record the contents of such documents. If the Producing Party produces copies of documents containing the names or other personal information of patients other than Plaintiffs or their physicians, neither Plaintiffs nor their counsel shall disclose the names or other personal information or contact any such patient or physician identified to Plaintiffs or their counsel through the production of documents.

      6.      In the event that any question is asked at a deposition or other hearing, other than a hearing in open court to which the public has access, which a party or non-party asserts calls for Confidential Discovery Material, or a document designated as Confidential Discovery Material is identified as an exhibit in testimony given in this action, such question shall nevertheless be answered by the witness fully and completely to the extent required by law.  In the case of deposition or other hearing testimony, or any exhibit thereto, the transcript, video or exhibit may be designated as Confidential Discovery Material in accordance with this Protective Order by notifying the other party (1) on the record, at the time of the testimony, or (2) in writing, within thirty (30) days after the transcript has been received by counsel making the designation, and such written designation shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30-day period, the entire text of the deposition, including all testimony therein, shall be treated as confidential under this Protective Order.  The court reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the label set forth in Paragraph 4 of this Order.  Any court reporter or transcriber who reports or transcribes testimony in this case shall be informed before the beginning of the deposition or hearing about this Protective Order and shall be asked to take reasonable and appropriate steps

to preserve confidentiality. It is the obligation of the Producing Party to make any application to the Court with respect to the provisions of this paragraph.

      7.      The parties agree that Confidential Discovery Material, or any summary thereof, shall not be used by any person receiving such Confidential Discovery Material for any business or competitive purpose and shall be used solely for the purpose of this case. All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of this Court for the purposes of enforcing this Protective Order and determining a remedy for a breach of the Protective Order. All civil remedies for breach of the Protective Order are specifically reserved and are not waived by the disclosure of Confidential Discovery Material pursuant to this Protective Order.

      8.    a.    Confidential Discovery Material shall not be disclosed to anyone other than the following categories of persons:

    (i)    The Court (and any appellate court), including court personnel and any court-appointed special master.

    (ii)    Court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts, with the consent of counsel.

    (iii)    If produced by Plaintiffs, Defendants' in-house counsel, in-house paralegals and outside counsel, including any attorneys employed by or retained by Defendants' outside counsel who are assisting in connection with this case, and the paralegal, clerical, secretarial, and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by Defendants' outside counsel, and employees of any Defendant on a need-to-know basis, including employees who are fact witnesses, who must assist

    in the preparation of the case or who are employed in a defendant's legal department and have responsibility for this case;

(iv) If produced by Defendants, Plaintiffs, Plaintiffs' attorneys in this case, including paralegal, clerical, secretarial, and other staff employed or retained by such counsel;

(v) The persons who authored or contributed to the preparation of the Confidential Discovery Materials or who received the Confidential Discovery Materials in the ordinary course of business;

(vi) Retained experts, advisors and consultants, including persons directly employed by such experts, advisors and consultants (collectively "experts"), but only to the extent necessary to perform their work in connection with this case;

(vii) Other persons consulted by plaintiffs' counsel in connection with this case, but only to the extent necessary to perform their work in connection with this case;

(viii) Confidential Discovery Material may not be disclosed to any person described in ¶ 8(a)(vi) or ¶8(a)(vii) who is currently employed by a competitor of any Defendant, unless defendants consent to such disclosure in writing.

  b. All parties and their respective counsel, paralegals and employees and assistants of all counsel receiving Discovery Material shall take all steps reasonably necessary to prevent disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order.

  c. Disclosure of Confidential Discovery Material other than in accordance with

the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as this Court may deem appropriate, including without limitation, contempt, injunctive relief and damages.

9. No copies of any Confidential Discovery Material shall be made or delivered to any person other than those categories of persons referred to in Paragraph 8 above, and even then only in accordance with Paragraphs 10 and 11 herein.

10. Confidential Discovery Material may only be disclosed to persons who are not included in those categories referred to in Paragraph 8, above, upon prior written consent of the Producing Party's counsel. If the Producing Party's Counsel refuses to give consent, the Confidential Discovery Material shall not be disclosed. The party requesting disclosure may apply to the Court for an order of relief, on notice to all parties.

11.  a. Any person referred to in Paragraphs 8(a)(iii) through 8(a)(v) above, who is furnished a copy of any Confidential Discovery Material, shall first be given a copy of this Protective Order and required to read it and be bound by its terms.

   b. Any person referred to in Paragraph 8(a)(vi) or 8(a)(vii) above, who is to be furnished a copy of any Confidential Discovery Material, shall first be given a copy of this Protective Order, shall read it and shall consent in writing to be bound by the terms, conditions and limitations of this Protective Order by executing the Confidentiality Agreement form annexed hereto as Exhibit "A". A copy of the executed Consent shall be maintained by counsel for the Disclosing Party throughout the duration of this case and shall be produced to counsel for Defendants if directed to do so by the Court.

12. At any time during this case, any party may challenge the designation of Discovery Material as confidential by written notice to the Producing Party's counsel specifying by exact document numbers the materials in dispute and the precise nature of the dispute with regard to each

document or other Discovery Material. Within 20 days of such a challenge, the Producing Party shall respond in writing, setting forth the reasons that the materials should continue to be treated as Confidential Discovery Material. If the parties are unable to resolve the dispute, the Producing Party may apply by motion to the Court for a ruling as to whether the designated Discovery Material may, in accordance with this Protective Order, properly continue to be treated as confidential, provided that such motion is made within thirty (30) days from the date on which the written notice challenging the designation of material as "confidential" was received. The Producing Party shall have the burden of proof on such a motion to establish good cause for the confidential designation and treatment.

13. The Court may raise the issue of designation of Confidential Discovery Material without a request from any party.

14. Any Confidential Discovery Material or portions thereof, or any pleading, brief or memorandum or other document purporting to reproduce, paraphrase or summarize any such confidential information, if filed with the Court, shall be filed in sealed envelopes on which shall be endorsed the title of the action, an indication of the nature of the contents, the word "Confidential" and a statement substantially in the following terms:

> "**CONFIDENTIAL**". Filed Pursuant to Stipulation and Order of Confidentiality entered by this Court. Not to be opened nor the contents revealed except (1) to the Court and then resealed, (2) by agreement of the parties, or (3) by prior order of this Court.

The party filing the documents shall serve written notice upon all other parties that the above procedure is being invoked. If the Non-Producing Party intends to file, reproduce, paraphrase or summarize Confidential Discovery Material in papers filed in opposition to a non-discovery motion (e.g. a motion for summary judgment or other dispositive or substantive motion), the Non-Producing Party shall give the Producing Party written notice, five (5) days before the deadline for the filing

of its papers, that it intends to file, reproduce, paraphrase or summarize Confidential Discovery Material in opposition to the motion. On the original deadline for the filing of its opposition papers, the Non-Producing Party shall serve the papers upon the Producing Party, but shall not file them with the Court. The Non-Producing Party's deadline for filing the opposition papers, the Producing Party's deadline for a reply brief, and the return date of the motion shall be extended for two weeks so that the Producing Party may have an opportunity to seek a ruling from the Court with respect to the use and treatment of the documents. Any papers filed in opposition to a non-discovery motion that attach, reproduce, paraphrase or summarize Confidential Discovery Material shall be filed with the designation set forth in this paragraph pending further Order of the Court.

If the Confidential Discovery Material is to be filed with the Court by the non-producing party in support of a non-discovery motion (e.g. a motion for summary judgment or other dispositive or substantive motion), the filing party shall file only its notice of motion, and its brief if the brief does not reveal Confidential Discovery Material, on the filing date of the motion, and shall give the Producing Party five (5) days' written notice before filing any brief and/or appendix containing or revealing Confidential Discovery Material before filing the documents under seal so that the Producing Party may have an opportunity to seek a ruling from the Court as to use and treatment of the documents. The schedule for the briefing and resolution of any non-discovery motion involving the filing of Confidential Discovery Material shall be adjusted to accommodate the additional motion practice permitted by this paragraph.

15.     If Confidential Discovery Material is filed under seal, as required by paragraph 14, in connection with a discovery motion, or is filed in connection with a non-discovery motion, pursuant to paragraph 14, and is ordered by the Court to be maintained under seal, the Confidential Discovery Material and/or other papers shall be kept under seal until further order of the Court. However, said Confidential Discovery Materials and other papers filed under seal shall be available

to the Court and counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Protective Order.

16.     a.     Nothing in this Protective Order shall preclude any party or its representatives from inspecting, reviewing, using or disclosing its own Confidential Discovery Material in this litigation or in transactions or other matters unrelated to this case.

        b.     Nothing shall prevent disclosure of Confidential Discovery Material beyond that required by this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

17.     This Protective Order shall not imply that any Confidential Discovery Material is or is not properly discoverable, relevant or admissible in this case or any other litigation. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth, or the application of this Protective Order in any particular circumstance, and each party specifically reserves all rights to object to the relevance or admissibility of any information produced in accordance with this Protective Order on any grounds it may deem appropriate.

18.     If a party receiving Confidential Discovery Material in accordance with the terms of this Protective Order is served with a subpoena or other process by any court, administrative or legislative body, or any other person or organization which calls for the production of any Confidential Discovery Material produced by another party, the party to whom the subpoena or other process is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until ten (10) business days after notifying counsel for the Producing Party in writing of the following: (a) the information and documents that are sought by the subpoena; (b) the date on which compliance with the subpoena is requested; (c) the location at

which compliance with the subpoena is requested; (d) the identity of the party serving the subpoena; (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. The party receiving the subpoena or other process shall cooperate with the Producing Party in any proceeding relating thereto.

19. Inadvertent production of documents subject to the attorney client privilege, the work product immunity or other legal privilege or doctrine protecting information from discovery shall not constitute a waiver of the privilege or immunity, provided that the Producing Party shall notify the receiving party in writing of such inadvertent production as soon as is practicable after discovery of the inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof shall be returned to the Producing Party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during depositions or at any hearing or trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The party returning the material then may move before the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production, nor shall any copy of the inadvertently produced document be filed with the Court in support of the motion.

20. This Protective Order may be amended with leave of Court, by the agreement of counsel for the parties in the form of a stipulation submitted to the Court for approval, or by the Court *sua sponte* after affording the parties, and any affected non-party, the opportunity to be heard. If the parties cannot agree to an amendment, then a formal motion to amend must be filed with the Court. This Protective Order is intended to regulate the handling of Confidential Discovery Material

and documents during this litigation, but shall remain in full force and effect until modified, superseded or terminated on the record by agreement of the parties thereto or by order of the Court.

21. All counsel of record in this case shall make a good faith effort to comply with the provisions of this Protective Order and to ensure that their agents, employees and clients do so as well. In the event of a change of counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

22. This Protective Order does not restrict or limit the use of Confidential Discovery Material at any trial, which is expected to be the subject of a further protective order and/or appropriate court orders. Prior to any hearing or trial at which the use of Confidential Discovery Material is anticipated, the parties shall meet and confer regarding the use of the Confidential Discovery Material. If the parties cannot agree, the parties shall request the Court to rule on such procedures. Notwithstanding, this Protective Order shall remain in full force and effect until modified, superseded, terminated on the record by agreement of the parties, or by order of the court.

23. Within thirty (30) days of the final termination of this case, whether by Judgment, settlement or otherwise, (or such other time as the Producing Party may agree in writing), the parties shall return all Confidential Discovery Material to counsel for the Producing Party, and all copies thereof in his/her possession or subject to his/her control (including but not limited to materials furnished to consultants and/or experts), or shall certify to counsel for the Producing Party that all such Discovery Material has been destroyed. Outside counsel shall not, however, be required to return or destroy any pretrial or trial records as are regularly maintained by that counsel in the ordinary course of business, which records will continue to be maintained confidential in conformity with this Protective Order.

24. Upon final termination of this case, whether by judgment, settlement or otherwise, including all appeals, the clerk of the Court shall return to the Producing Parties all documents

designated as Confidential Discovery Materials that have been filed under seal and have not been the subject of an order of the Court ruling on the non-confidentiality of the materials.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

STIPULATED TO AND CONSENTED TO BY:

| *Attorneys for Plaintiffs* | *Attorneys for Defendants Ethicon, Inc. and Johnson & Johnson* |
|---|---|
| Jeff Scriber, Esq.<br>WILCOX, PARKER, HURST,<br>LANCASTER & LACY<br>P.O. Box 1733<br>3000 Browns Lane<br>Jonesboro, Arkansas 72403 | Lyn P. Pruitt, Esq.<br>MITCHELL, WILLIAMS, SELIG,<br>GATES & WOODYARD, P.L.L.C.<br>425 West Capitol Ave., Suite 1800<br>Little Rock, Arkansas 72201 |

*Attorneys for Defendant Boston
  Scientific Corporation*

Roger A. Glasgow, Esq.
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Ave., Suite 2300
Little Rock, Arkansas 72201-3699

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| LINDA KEE,<br><br>                Plaintiff,<br><br>vs.<br><br>ETHICON, INC.; JOHNSON & JOHNSON; BOSTON SCIENTIFIC CORPORATION; JOHN DOE MANUFACTURER OF GYNECARE PROLIFT MESH; JOHN DOE MANUFACTURER OF ADVANTAGE SLING; JOHN DOES (1-5) (Distributors of Gynecare Prolift mesh and/or Advantage slings),<br><br>                Defendants. | Case No. 4-09-cv-477 |

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

The undersigned agrees;

I hereby attest to my understanding that the information or documents designated Confidential are provided to me subject to the Stipulation and Order of Confidentiality ("Protective Order") dated _____ in the above-captioned litigation, that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as confidential pursuant to this Protective Order.

I further agree that I shall not disclose to others, except in accord with this Protective Order, any Confidential Discovery Material, as defined therein, or any information contained in such

Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material and the information contained therein may be used only for the purposes authorized by this Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Discovery Material and information will continue even after this litigation concludes.

I further agree that if I fail to abide by the terms of this Protective Order, I will be subject to the jurisdiction of the Courts of the State of Arkansas for the purposes of any proceedings relating to enforcement of this Protective Order, and I specifically agree to subject myself to the jurisdiction of the Courts of the State of Arkansas for this purpose.

Date: _____                    By:_____


Sworn to and subscribed before me
this _____ Day of _____, 2010

_____
Notary Public